IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAN EDWARD MONTGOMERY,

       Plaintiff,

  v.

JOHN BARBARA,

       Defendant.
                                         /

No. C 08-05301 CW (PR)

ORDER OF TRANSFER

    This case was opened when Plaintiff sent a letter to the Court.  The Clerk of the Court directed Plaintiff either to file a petition or a complaint within thirty days.  The Clerk also sent him a notice that he had failed to pay the $350.00 filing fee or apply for leave to proceed <u>in forma pauperis</u> (IFP).  Thereafter, Plaintiff filed a complaint under 42 U.S.C. § 1983 on the Court's civil rights form and an application for IFP status (docket no. 5).  He also filed a motion entitled "Request to Stay Proceedings Pursuant to 42 U.S.C. § 1997e" (docket no. 6).  In that motion, Plaintiff asks the Court to stay proceedings until he has exhausted "all of his administrative remedies."  (Mot. to Stay at 1.)  Finally, he requests appointment of counsel in this action because he alleges that he is "on psych medications."  (Compl. at 3.)

    It is not clear whether Plaintiff intends to file a civil rights action or a habeas action.  In his complaint, under "Statement of the Claim," Plaintiff states, "see attached appeal 602."  (<u>Id.</u>)  Attached to the complaint is his 602 inmate appeal, which challenges the evidence presented at a parole revocation hearing held on July 11, 2008 in the San Diego County Superior

Court, at the end of which a warrant was issued for his arrest.

If this is a habeas case, it should preferably be heard in the district of confinement. Habeas L.R. 2254-3(a); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989). Petitioner is incarcerated at the R. J. Donovan Correctional Facility at Rock Mountain, which lies within the venue of the Southern District of California. <u>See</u> 28 U.S.C. § 84. If this action is a civil rights case, the proper venue also would also be in the Southern District, where the putative Defendants would be found and where the claims arose. <u>See</u> 28 U.S.C. § 1391(b). The Court need not decide whether this action should be treated as a habeas case or a civil rights case, because either way the preferable venue is in the Southern District.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Southern District of California. The Clerk of the Court shall transfer the case forthwith.

Plaintiff's application for IFP status, his request for appointment of counsel, and his "Request to Stay Proceedings Pursuant to 42 U.S.C. § 1997e" are TERMINATED on this Court's docket as no longer pending in this district.

IT IS SO ORDERED.

DATED: 4/27/09

/s/ Claudia Wilken
CLAUDIA WILKEN
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SEAN EDWARD MONTGOMERY,

        Plaintiff,

v.

// et al,

        Defendant.

Case Number: CV08-05301 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sean Montgomery P39482
P.O. Box 799004
20-104-L
San Diego, CA 92179

Dated: April 27, 2009

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk

3